UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURESHKUMAR DAKSHINAMOORTHY,

      Plaintiff,

Case No. 09-11129

Honorable John Corbett O'Meara

v.

NATIONAL ASSOCIATION OF BOARDS OF
PHARMACY, *et. al.*,

      Defendants.

_____/

**MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE DEFENDANTS PROMETRIC AND ETS'S
MOTION TO DISMISS, DENYING WITHOUT PREJUDICE DEFENDANTS NABP AND
CATIZONE'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS, AND
GRANTING DEFENDANT THOMSON REUTERS' MOTION TO DISMISS**

This matter came before the court on the following three motions: defendants Prometric and Educational Testing Service's motion to dismiss, defendants NABP and Catizone's motion for partial judgment on the pleadings; and defendant Thomson Reuters Corporation's motion to dismiss. The issues have been fully briefed and heard by the court. For the reasons that follow, the court will deny without prejudice the first two motions and grant the third.

**BACKGROUND FACTS**

This lawsuit arises out of a decision by defendant National Association of Boards of Pharmacy ("NABP") to invalidate plaintiff Sureshkumar Dakshinamoorthy's test score on the North American Pharmacist Licensure Examination ("NAPLEX"). Plaintiff had taken the test twice before. On the June 20, 2006 test, he scored 27. On the December 22, 2006 test, he scored 24. The third time he took the test, on June 12, 2007, he scored 130.

Based on information it received from Plaintiff's brother-in-law, who claimed to have heard from other family members that Plaintiff had had another person take pharmacy related exams for him, defendant NABP initiated an investigation. Defendant Prometric, the exam administrator, takes pictures of persons sitting for each NAPLEX test, takes their fingerprints, and video tapes the testing itself. Therefore, NABP asked Prometric for these materials as part of its investigation.

The fingerprints were blurry, and the videotapes were stored for only 30 days before being taped over. However, Prometric provided NABP with pictures of Plaintiff from the three exams. The picture from the third exam did not match the first two. Ultimately, however, it was determined that Prometric gave NABP the wrong picture; and, in fact, there was a picture of Plaintiff that matched the first two.

Following its investigation, NABP informed Plaintiff on March 14, 2008, that it could not verify that he was the person who sat for the June 12, 2007 exam and invalidated his score. On March 20, 2008, the Michigan Board of Pharmacy's Disciplinary Subcommittee filed an administrative complaint to determine whether disciplinary action should be taken against Plaintiff. At an administrative hearing on April 15, 2008, the Department of Attorney General recommended that the administrative complaint be dismissed on the grounds that "the invalidation has turned out

to be based upon mere speculation and conjecture."[1]  The administrative complaint was dismissed June 27, 2008.

In spite of the dismissal, NABP sent another letter to Plaintiff July 15, 2008, acknowledging the Board's reinstatement of his pharmacist license but also stating, "NABP still cannot verify the Mr. Dakshinamoorthy passed the June 12, 2007 NAPLEX on his own merits.  Accordingly, NABP affirms its invalidation of the score."

Plaintiff filed suit in Macomb County, and the action was removed to this court by Defendants on the basis of diversity of citizenship.  Plaintiff alleges that NABP's decision to invalidate his test score was improper and that the March 14 and July 15 letters were defamatory.  The complaint alleges four causes of action against all the defendants: Count I, negligence; Count II, intentional infliction of emotional distress; Count III, breach of contract; and Count IV, libel and defamation.

Defendants Prometric and Educational Testing Service filed a motion to dismiss; defendants NABP and Catizone filed a motion for partial judgment on the pleadings; and defendant Thomson Reuters Corporation filed a motion to dismiss.

---

[1] In the Attorney General's view, dismissal was warranted because NABP did not examine the forensic evidence; a photograph of another candidate who sat for the July 10, 2006 MPJE examination [a totally other test at a different time] was, at first, "erroneously portrayed" to be Plaintiff; the brother-in-law who implicated Plaintiff refused to cooperate further; the thumbprints reviewed by the Board were of poor quality and NABP did not provide originals; no videotapes from the testing events were still available (since more than 30 days had passed from the test administration date and NABP had not asked Prometric to retain them); the photographs of the individuals who appeared for each NAPLEX testing date were "clearly those of Mr. Dakshinamoorthy"; and the signatures obtained at the various test administrations showed no "discernable difference" from Plaintiff's signature.

**STANDARD OF REVIEW**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of a complaint if it fails to state a claim upon which relief may be granted. To survive a motion to dismiss, a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir.), *cert. denied*, 547 U.S. 1111 (2006).

For purposes of Rule 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party, and its allegations must be taken as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In cases in which the moving party relies on evidence outside the pleadings in support of its motion, the motion to dismiss should be treated as a motion for summary judgment under Rule 56 (c).

**LAW AND ANALYSIS**

**I. Defendants Prometric and Educational Testing Service's motion to dismiss**

Defendants Prometric and Educational Testing Service ("ETS") contend they are entitled to dismissal on all four counts alleged in the complaint. First, they claim they were not negligent because they did not breach any duties owed to Plaintiff that are "separate and distinct" from contract. The Michigan Board of Pharmacy is responsible for regulating the standards of pharmacy practice in the State of Michigan. Candidates for licensure are required to take two examinations, the NAPLEX and the Multistate Pharmacy Jurisprudence Examination ("MPJE"). The Michigan Board of Pharmacy contracts with NABP to develop and administer the two exams. Under that contract, NABP is responsible for ensuring the integrity of the exams and investigating misconduct,

including "identification discrepancies." The contract provides, "In any case of substantiated misconduct by a candidate, NABP will provide a report of the irregularity to the Board, and the Board and the NABP will cooperate in seeking available administrative, civil, and/or criminal remedies." Separate and apart from any action taken by the Board, "NABP reserves the right to take whatever action it, in its sole discretion, deems necessary."

There exists another contract between NABP and Prometric, the provider of testing and assessment services. NABP pays Prometric for its services based on the number of candidates who take the tests each month. The contract provides that "[n]o individual candidate fee will be paid by candidates directly to Prometric." NABP's contract with Prometric expired December 31, 2007, and was not renewed.

The contract also provided that Prometric would provide test administration security, including "continuous proctoring of all exams, video recording of every testing session, parabolic mirrors to assist with proctoring, and identification of all candidates." NABP retained "sole responsibility for . . . determining pass/fail status of all candidates." The contract obligated Prometric to obtain and to provide to NABP upon request certain information relevant to an investigation, including: thumbprints of each test taker, a digital image of each test taker, signature logs from test administration to be maintained for 18 months, and videotapes of testing to be maintained for 30 days.

In order to state a claim for negligence, a plaintiff must plead four elements: duty, breach of the duty, causation, and damages. Fultz v. Union-Commerce Assocs., 470 Mich. 460 (2004). "[A] defendant performing an obligation under a contract does not owe a duty to an injured plaintiff when the plaintiff alleges no duty independent of the contract." Williams v. Aramark Mgmt. Servs. Ltd.,

2009 WL 529632 (Mich. App. March 3, 2009).  "[T]he threshold inquiry is whether the plaintiff alleges violation of a legal duty separate and distinct from the contractual obligation." Rinaldo's Const. Corp. v. Michigan Bell Telephone Co., 454 Mich. 56, 84 (1997).

These defendants contend that all of the duties owed Plaintiff in this case arose from his contract with NABP, as there is no common law duty to administer, proctor, grade or report NAPLEX exams.  In his complaint, Plaintiff enumerates seven "tort" duties he claims were owed to him; Defendants contend each derives from the contract between Plaintiff and NABP.  Plaintiff claims the following duties: 1) to investigate the allegation by Plaintiff's brother-in-law that he used a "ringer" to take the exam for him; 2) to review the physical evidence from the test administrations; 3) to inform Plaintiff of the investigation; 4) to devise policies to investigate allegations; 5) to preserve videotapes, thumbprints, and signature logs; 6) to cooperate with the Board of Pharmacy in its investigation; and 7) to afford Plaintiff an opportunity to submit a response to the allegations.

Furthermore, these defendants contend, Prometric had no responsibility, pursuant to its contract with NABP or otherwise, for investigating allegations of test taker misconduct or identification discrepancies or for deciding whether to invalidate a score.  Also, Prometric had no participation in, or knowledge of, the Board of Pharmacy proceedings concerning whether disciplinary action against Plaintiff was warranted.  Prometric was not responsible for reporting Plaintiff's scores and did not write (and was not copied on) the letters Plaintiff received from NABP.

These defendants argue that the negligence claims against them must be dismissed because the duties Plaintiff alleges were not duties owed to him by Prometric because he was not party to any contract with Prometric and because these alleged duties were not within the scope of Prometric's contract with NABP.

The Michigan Supreme Court has held that when a plaintiff brings a tort action based on a contract and the plaintiff is not a party to the contract, the court must determine "whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations." Fultz, supra.  These defendants claim all of the duties alleged by Plaintiff were contractual duties between them and NABP.  Since Plaintiff was not a party to that contract, the negligence claims against these defendants must be dismissed.  However, Plaintiff argues the exception to the rule: that he is an intended third-party beneficiary to the contract between Prometric and NABP.

Although Defendants have a strong argument on the negligence claim, discovery has barely begun in this case.  Plaintiff alleges that Prometric *purposely* sent NABP the wrong photograph of the test taker, leading to the invalidation of his final test score.  That issue can be explored during discovery.

Under Michigan law, the elements of intentional infliction of emotional distress are extreme and outrageous conduct, intent or recklessness, causation, and severe emotional distress.  Lavack v. Owen's World Wide Enterp. Network, Inc., 409 F. Supp. 2d 848, 857 (E.D. Mich. 2005).  These defendants claim Plaintiff has failed to allege extreme or outrageous conduct against them and that the only such conduct alleged is NABP's publication of the March 14 and July 15 letters.  Again, however, Plaintiff has alleged that Prometric *intentionally* gave NABP the wrong photograph. Perhaps such conduct could be found to be extreme or outrageous under the circumstances.  This is another issue to be explored during discovery.

These defendants assert that Plaintiff's claim for breach of contract must be dismissed because there was no contract between them and Plaintiff, hence, no privity. Plaintiff claims he paid

7

consideration to both NABP and Prometric; however, the contract between NABP and the State of Michigan provides that candidates shall pay the examination fee to NABP.  Therefore, after discovery, the court may likely find there is no contract between Plaintiff and Prometric.

These defendants claim no libel or defamation had been alleged against them.  If that is the case, the court would grant their motion to dismiss on those claims.  In all other respects, however, the court will deny the motion without prejudice.

## II. Defendant NABP's motion for partial judgment on the pleadings

A motion for judgment on the pleadings is governed by the same standards as a motion under Rule 12 (b)(6).

Defendant NABP seeks partial judgment for Count I, the negligence claim.  NABP claims it had obligations/duties to the Board of Pharmacy through its contract with the Board and obligations/duties to Prometric through its contract with that agency.  NABP asserts that Plaintiff's claims for relief are not separate and distinct from those contractual duties NABP had with those entities; therefore, NABP is entitled to judgment on the negligence claim.

The defendants in the previous motion and defendant NABP rely heavily on the Fultz opinion, a slip and fall case in which the Michigan Supreme Court held that the snow and ice removal company owed no duty to a business invitee who fell in a parking lot owned by a company that had contracted with the defendant for snow removal services.  The court held the snow removal company owed the injured plaintiff no duty that was separate and distinct from the duties it owed the owner of the property with whom it had a contract.

In this case, Plaintiff argues that NABP breached duties that were outside the contracts with the other parties.  Some of the duties Plaintiff claims were breached were things such as failing to

check out Plaintiff's brother-in-law's story during the course of its investigation and failing to give Plaintiff an opportunity to defend himself in the investigation against him. Those were not duties owed under either contract.

Because it is early in this litigation and there has been little discovery taken, the court will not, at this time, grant NABP's motion for judgment on the negligence claim.

### III.  Defendant Thomson Reuters' motion to dismiss

Defendant Thomson's only connection to this case is that it was once the parent corporation of Prometric. In his response brief, Plaintiff fails to identify any reason for piercing the corporate veil. Therefore, the court will grant the motion.

### ORDER

It is hereby **ORDERED** that defendants Prometric and Educational Testing Service's motion to dismiss is **DENIED WITHOUT PREJUDICE.**

It is further **ORDERED** that defendants NABP and Catizone's motion for partial judgment on the pleadings is **DENIED WITHOUT PREJUDICE.**

It is further **ORDERED** that defendant Thomson Reuters Corporation's motion to dismiss is **GRANTED.**

s/John Corbett O'Meara  
United States District Judge

Date:  January 7, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 7, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager
