UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURESHKUMAR DAKSHINAMOORTHY,

    Plaintiff,

Case No. 09-11129

Honorable John Corbett O'Meara

v.

NATIONAL ASSOCIATION OF BOARDS OF
PHARMACY and CARMEN CATIZONE,

    Defendants.
_____/

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on defendants National Association of Boards of Pharmacy and Carmen Catizone's October 20, 2010 motion for summary judgment. Plaintiff Suresh Dakshinamoorthy filed a response December 3, 2010; and Defendants filed a reply December 16, 2010. Oral argument was heard January 5, 2011.

**BACKGROUND FACTS**

This lawsuit arises out of a decision by defendant National Association of Boards of Pharmacy ("NABP") to invalidate Plaintiff's test score on the North American Pharmacist Licensure Examination ("NAPLEX"). Plaintiff had taken the test twice before. On the June 20, 2006 test, he scored 27. On the December 22, 2006 test, he scored 24. The third time he took the test, on June 12, 2007, he scored a nearly perfect 130. A passing score is 75 out of a possible 150.

Based on information it received from Plaintiff's brother-in-law, who claimed to have heard from other family members that Plaintiff had had another person take pharmacy related exams for him, defendant NABP initiated an investigation. Defendant Prometric, the exam administrator who is no longer party to this suit, takes pictures of persons sitting for each NAPLEX test, takes their fingerprints, and video tapes the testing itself. Therefore, NABP asked Prometric for these materials as part of its investigation.

The fingerprints were blurry, and the videotapes were stored for only 30 days before being taped over. However, Prometric provided NABP with pictures of Plaintiff from the three exams. The picture from the third exam did not match the first two. Ultimately, however, it was determined that Prometric gave NABP the wrong picture; and, in fact, there was a picture of Plaintiff that matched the first two.

Following its investigation, NABP informed Plaintiff on March 14, 2008, that it could not verify that he was the person who sat for the June 12, 2007 exam and invalidated his score. On March 20, 2008, the Michigan Board of Pharmacy's Disciplinary Subcommittee filed an administrative complaint to determine whether disciplinary action should be taken against Plaintiff. At an administrative hearing on April 15, 2008, the Department of Attorney General recommended that the administrative complaint be dismissed on the grounds that the invalidation turned out to be based upon mere speculation and conjecture. The administrative complaint was dismissed June 27, 2008. The State of Michigan had reinstated Plaintiff's license April 15, 2008.

In spite of the dismissal, NABP sent another letter to Plaintiff July 15, 2008, acknowledging the Board's reinstatement of his pharmacist license but also stating, "NABP still cannot verify the Mr. Dakshinamoorthy passed the June 12, 2007 NAPLEX on his own merits. Accordingly, NABP affirms its invalidation of the score." Defendants' Ex. 6.

Plaintiff filed suit in Macomb County, and the action was removed by Defendants on the basis of diversity of citizenship. Plaintiff is seeking $2.1 million in damages. Plaintiff alleges that NABP's decision to invalidate his test score was improper and that the March 14 and July 15 letters were defamatory. The complaint alleges four causes of action against all the defendants: Count I, negligence; Count II, intentional infliction of emotional distress; Count III, breach of contract; and Count IV, libel and defamation. The only remaining defendants are NABP and Carmen Catizone, as the other defendants have been dismissed either by the court or by stipulation of the parties.

## LAW AND ANALYSIS

Defendants argue that they are entitled to summary judgment on all claims based on civil immunity under Michigan law. Pursuant to Section 333.16244 of Michigan Compiled Laws, the statute provides immunity from civil or criminal liability to "a person . . . acting in good faith who makes a report; assists in originating, investigating, or preparing a report; or assists a board or task force, a disciplinary subcommittee, a hearings examiner, the committee, or the department in carrying out its duties under this article . . . ." Any person acting in that manner "is immune from civil or criminal liability including, but not limited to, liability in a civil action for damages . . . ." Under the statute, a person whose acts are covered by this provision "is presumed to have acted in good faith." Section 333.16244 applies to Article 15 of Michigan's Compiled Laws which covers health professionals, including pharmacists.

In this case all of NABP and Catizone's actions that form the basis of Plaintiff's complaint were done pursuant to the contract between the Michigan Board of Pharmacy and NABP to provide for licensure testing for pharmacists in the State of Michigan. Thus, the state has extended immunity to any party taking actions with regard to a pharmacist's licensing. On this basis alone, Defendants are entitled to summary judgment.

Even if the Michigan statute were found not to be dispositive, Defendants would be entitled to summary judgment on Plainitff's claim for intentional infliction of emotional distress. In order to establish such a claim, a plaintiff must prove; 1) extreme and outrageous conduct; 2) intent or recklessness; 3) causation; and 4) severe emotional distress. Haley v. Allstate Ins. Co., 686 N.W.2d 273, 276 (Mich. Ct. App. 2004).

In this case there is no evidence that the conduct complained of is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Id. at 276.

Defendants would also be entitled to summary judgment on Plaintiff's breach of contract claim as a third-party beneficiary based on the contract between NABP and the State of Michigan.

Plaintiff alleges that he is a third-party beneficiary to the contract between NABP and the State of Michigan and is therefore entitled to damages as a result of NABP's alleged breach. Michigan law draws a distinction between intended third-party beneficiaries who may sue for breach and incidental third-party beneficiaries who may not. Brunsell v. City of Zeeland, 651 N.W.2d 388, 390 (Mich. 2002) (discussing Mich. Comp. Laws Ann. § 600.1405).

> Simply stated, section 1405 does not empower just any person who benefits from a contract to enforce it. Rather, it states that a person is a third-party beneficiary of a contract only when the promisor undertakes an obligation 'directly' to or for the person. This language indicates the Legislature's intent to assure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract.
>
> [A] third party beneficiary may be a member of a class, but the class must be sufficiently described. This follows ineluctable from subsection 1405(1)'s requirement that an obligation be undertaken directly for a person to confer third-party beneficiary status . . . . The rationale would appear to be that a contracting party can only be held to have knowingly undertaken an obligation directly for the benefit of a class of persons if the class is reasonably identified. Further, in undertaking this analysis, an objective standard is to be used to determine from the contract itself whether the promisor undertook 'to give or to do or to refrain from doing something directly to or for' the putative third-party beneficiary.'

Id. at 390-91.

In this case, Plaintiff is merely an incidental beneficiary to the Board contract, as the contract was primarily for the benefit of the NABP and the Michigan Board, as well as the people of the State of Michigan, to ensure that state-licensed pharmacists have some level of competence.

Finally, Defendants would also be entitled to summary judgment on Plaintiff's defamation claim. In order to establish a *prima facie* case of defamation, a plaintiff must show the following: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting to at least negligence on the part of the publisher; (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication." Dadd v. Mount Hope Church, 780 N.W.2d 763, 765-66 (Mich. 2010).

Plaintiff cannot meet his burden in this case because the statements made by NABP and Catizone were not false when they were made; the statements were privileged; and Plaintiff cannot

establish that they were published with actual malice. The statements made in the letters are not false. Defendants' Ex. 5, March 14, 2008 letter; Ex. 6, July 15, 2008 letter. Although it is true that in the second letter defendant NABP could have stated that the initial photograph identification was incorrect, that is an omission, not a false, published statement.

## ORDER

It is hereby **ORDERED** that Defendants' October 20, 2010 motion for summary judgment is **GRANTED.**

It is further **ORDERED** that Defendants' December 16, 2010 motion to strike is **DENIED AS MOOT.**

s/John Corbett O'Meara<br>
United States District Judge

Date: April 13, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 13, 2011, using the ECF system.

s/William Barkholz<br>
Case Manager